IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONNIE DELAIN PARMER,
    Petitioner,

v.                                      Case No. 3:09cv536/MCR/CJK

KENNETH S. TUCKER,[1]
    Respondent.
_____

ORDER and
REPORT AND RECOMMENDATION

    Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent filed an answer, submitting relevant portions of the state court record. (Doc. 12). Petitioner has not replied. (*See* Doc. 14). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of the issue petitioner raises, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

    On October 16, 2008, petitioner was convicted upon jury verdict of Burglary

---

    [1]Kenneth S. Tucker succeeded Edwin G. Buss as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed.R.Civ.P. 25(d).

of a Dwelling (as charged in Count 1) and Petit Theft (as charged in Count 2) in Escambia County Circuit Court Case Number 07-3305.  (Doc. 12, Ex. B, p. 30).[2] Petitioner was adjudicated guilty and sentenced on November 13, 2008, to fifteen years imprisonment on Count 1, and to time served on Count 2.  (*Id*., pp. 62-68). Petitioner appealed to the Florida First District Court of Appeal ("First DCA"), raising one claim:

> I.  THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTIONS FOR JUDGMENT OF ACQUITTAL AND THE EVIDENCE WAS INSUFFICIENT TO PROVE THAT APPELLANT COMMITTED THE CRIME OF BURGLARY OF A DWELLING.

(Ex. E).  The State filed an answer brief.  (Ex. F).  On April 22, 2009, the First DCA per curiam affirmed without written opinion.  *Parmer v. State*, 8 So.2d 1137 (Fla. 1st DCA 2009) (Table)  (copy at Ex. G).

Petitioner filed the instant federal habeas petition on December 3, 2009.  (Doc. 1).  The petition presents one ground for relief:  "Trial court erred in denying Petitioner's motion for judgment of acquittal and evidence was insufficient to prove that Petitioner committed the crime of Burglary of a Dwelling, in violation of Federal Constitution[al] Law."  (Doc. 1, p. 6 and continuation pages).  Respondent concedes the petition is timely, but argues that petitioner is not entitled to federal habeas relief because petitioner's claim is procedurally defaulted and without merit.  (Doc. 12).

## EXHAUSTION AND PROCEDURAL DEFAULT

Before bringing a federal habeas corpus petition under 28 U.S.C. § 2254, a petitioner must exhaust all available state court remedies for challenging his

---

[2]Hereafter, all references to exhibits will be to those provided at Doc. 12, unless otherwise noted.

conviction, 28 U.S.C. § 2254(b)(1),[3] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). Exhaustion requires the petitioner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. The petitioner must "fairly present" his federal claim to the state courts in a manner that alerts the state courts that the ruling under review violated a federal constitutional right. *Duncan*, 513 U.S. at 365-66, 115 S. Ct. 887 (quoting *Picard*, 404 U.S. at 275, 92 S. Ct. 509); *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) (holding that the petitioner must "present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts

---

[3]Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

bearing upon his constitutional claim.'") (quoting *Picard*, 404 U.S. at 277, 92 S. Ct. 509); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("[T]o exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues."). Exhaustion is not satisfied when the petitioner merely presents the state court with "all the facts necessary to support the claim," or even if a "somewhat similar state-law claim was made." *Kelley*, 377 F.3d at 1344 (citation omitted). "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004).

A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts). To overcome a procedural default, the petitioner must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467,

497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

Respondent asserts that although petitioner's direct appeal brief challenged the sufficiency of the evidence to support petitioner's burglary conviction, petitioner's challenge was based entirely on state law principles and did not fairly present a <u>federal</u> constitutional claim. As petitioner is now barred by state procedural rules from litigating his federal challenge, the claim is procedurally defaulted on federal habeas review. The undersigned agrees.

On direct appeal, petitioner claimed that the evidence was insufficient to support his conviction for Burglary of a Dwelling, because although petitioner was found in possession of stolen property and although Florida law allows a jury to infer from an accused's possession of property "recently stolen" by means of a burglary that the accused was the one who committed the burglary, the property in petitioner's possession could not be considered "recently" stolen under Florida law, and there was no other evidence that petitioner was the one who burglarized the home. (Ex. E, pp.

8-9). Petitioner cited exclusively to state cases, and his substantive arguments addressed Florida law, specifically, what constitutes "recently" stolen property under Florida law. (Ex. E, pp. 12-14). Petitioner concluded his argument by asserting: "The trial court erred in denying the motions for judgment of acquittal because there was no proof that the stolen property found in appellant's possession was 'recent' and the jury improperly convicted appellant of burglary based upon an inference which under the circumstances did not justify beyond a reasonable doubt the conclusion that appellant committed the burglary." (*Id.*, p. 14). None of the cases petitioner cited were decided on federal grounds, and petitioner did not otherwise indicate that he intended to raise a federal claim. Although Florida courts assess the sufficiency of the evidence to sustain a conviction under the same standard as federal courts do, *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), the basis of petitioner's argument was a narrow state law issue – whether the property in petitioner's possession was "recently" stolen, as defined by state law, such as to allow the inference that petitioner committed the burglary. Nothing in petitioner's argument would have alerted the state court to the presence of a federal due process claim. Petitioner's present federal constitutional challenge to the sufficiency of the evidence was not exhausted in petitioner's state direct appeal. *Compare Pearson v. Sec'y, Dep't of Corr.*, 273 F. App'x 847, 850 (11th Cir. 2008) (holding that petitioner failed to exhaust his federal due process claim, because petitioner's direct appeal did not alert the state court to the federal nature of his insufficient evidence claim; in state court petitioner cited exclusively to state cases and all of his substantive arguments addressed Florida law – that there was no evidence of reasonable fear on the part of the victim, as defined by state law; "Although Florida courts assess the sufficiency of the evidence under the standard applied in *Jackson*, 443 U.S. 307, 99 S. Ct. 2781,

61 L. Ed. 2d 560, the basis of Pearson's argument was that there was no evidence of reasonable fear on the part of the victim, as defined by state law. Nothing in this argument would have alerted the state court to the presence of a federal claim about due process."), *and Cook v. McNeil*, 266 F. App'x 843, 845-46 (11th Cir. 2008) (same; explaining that "the tenor of [petitioner's] narrow arguments that challenged the characterization of his knife and the sequence of his actions under the Florida statute did not bring a federal claim about due process to the attention of the state appellate court."), *with McKinzie v. Sec'y, Dep't of Corr.*, 265 F. App'x 858, 860 (11th Cir. 2008) (holding that district court erred in finding federal insufficient evidence claim procedurally barred; petitioner argued in state court that State failed to meet its burden of establishing that he concealed a firearm in a location that was not his residence, and petitioner referred to due process reasonable doubt standard before the state court; explaining: "[N]ecessarily underlying the state court decisions was a determination that the evidence was sufficient to uphold a concealment conviction, a standard identical to federal sufficiency review."), *and Mulnix v. Sec'y for Dep't of Corr.*, 254 F. App'x 763, 764 (11th Cir. 2007) (same, where petitioner's state and federal insufficient evidence claims were identical: "In this case, the state court analyzed [petitioner's] due process sufficiency of the evidence claim using a standard identical to the one required under federal law. Under these circumstances, we conclude [the petitioner's] federal claim has been exhausted.").[4]

Petitioner is now procedurally barred from presenting his federal constitutional claim to the state courts. *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir. 1990)

---

[4] The undersigned recognizes that none of these cases are considered binding precedent since they are unpublished opinions, *see* 11th Cir. R. 36-2, and cites them only as persuasive authority on the exhaustion issue.

Case 3:09-cv-00536-MCR-CJK   Document 25   Filed 04/18/12   Page 8 of 13

Page 8 of 13

(recognizing that in Florida, a motion for postconviction relief cannot be utilized for a second appeal to consider issues that could have been raised on direct appeal) (citing Florida cases); *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983) (recognizing that in Florida, claims which could have been or should have been preserved at trial and raised on direct appeal, but were not, are procedurally barred); Fla. R. Crim. P. 3.850(c). Petitioner's procedural default bars federal habeas review of his federal constitutional challenge to the sufficiency of the evidence. *See, e.g., Campbell v. McNeil*, 2009 WL 347746, at *8-*9 (N.D. Fla.) (concluding that petitioner procedurally defaulted federal due process challenge to sufficiency of the evidence to sustain conviction for possession of a listed chemical, where petitioner's substantiative argument on direct appeal addressed Florida law – whether state law required the State to provide evidence of chemical testing on at least a random sample of a substance in order to constitute prima facie proof that the substance contained a listed chemical as defined by state law; petitioner cited exclusively to state cases, none of which were decided on federal grounds, and petitioner did not otherwise indicate that he intended to raise a federal claim), *Report and Recommendation adopted*, 2009 WL 700878 (N.D. Fla. Mar. 16, 2009); *Dykas v. Sec'y, Dep't of Corr.*, 2012 WL 716933, at *4 (M.D. Fla. Mar. 6, 2012) (concluding that petitioner procedurally defaulted his federal due process challenge to the sufficiency of the evidence where petitioner argued on direct appeal that the evidence was insufficient to find that he committed attempted robbery because the State did not prove that he had intent to take money or property; petitioner relied upon Florida criminal law defining when sufficient evidence of intent has been presented to prove attempted robbery; none of the cases to which petitioner cited were decided on federal grounds, and he did not indicate that he sought to raise a federal claim). Petitioner has made

none of the requisite showings to excuse his default. Thus, this Court should not review the claim.

Even if this Court ignores petitioner's procedural default and considers petitioner's federal due process claim on the merits, federal habeas relief must be denied. The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). The standard applicable to a state prisoner's claim that the evidence was constitutionally insufficient to support his conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), *overruled on other grounds by Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. at 324 n.16, 99 S. Ct. 2781.

A federal habeas court reviewing a state criminal judgment for sufficiency of the evidence must presume the jury resolved any conflicting inferences arising from the facts in favor of the State and against the defendant. *Jackson*, 443 U.S. at 326, 99 S. Ct. 2781 ("[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."

*Jackson*, 443 U.S. at 319, 99 S. Ct. 2781; *see Johnson v. Alabama*, 256 F.3d 1156, 1172 (11th Cir. 2001) ("Federal [habeas] courts must defer to the judgment of the jury in assigning credibility to the witnesses and in weighing the evidence.") (citing *Jackson*, 443 U.S. at 326). The test under *Jackson* is a limited one, and it does not require that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt. *Cosby v. Jones*, 682 F.2d 1373, 1383 (11th Cir. 1982); *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987) ("The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief.").

Under Florida law, the elements of burglary of a dwelling are: (1) that petitioner entered a structure owned by or in the possession of another (Gerald Gough) and (2) that at the time of entering the structure, petitioner had the intent to commit theft in that structure. Fla. Stat. § 810.02(1)(b) and (3)(b); Fla. Std. Jury Instr. (Crim.) 13.1; *see also* Doc. 12, Ex. B, p. 22. Florida law provides that "proof of possession by an accused of property recently stolen by means of a burglary, unless satisfactorily explained, may justify a conviction of burglary if the circumstances of the burglary and of the possession of stolen property convince [the factfinder] beyond a reasonable doubt that the defendant committed the burglary." Fla. Std. Jury Instr. (Crim.) 13.1; *see also* Doc. 12, Ex. B, p. 23.

The State presented evidence that at 4:00 a.m. on June 29, 2007, Officer Thompson stopped petitioner on his bicycle because the bicycle did not have the required headlight. The stop occurred approximately two blocks from the dwelling petitioner is alleged to have burglarized. Petitioner was carrying two large black duffle bags over his shoulder. Officer Thompson asked petitioner where he was coming from. Petitioner indicated that he was coming from his girlfriend's house –

he was moving out of his girlfriend's house and heading to his aunt's house with his belongings. Officer Thompson asked petitioner if he could look in petitioner's bags, and petitioner agreed. Thompson looked in the bags and found them full of power drills, tools, an air compressor, and a combination TV/radio. Officer Thompson asked petitioner where he got the items and petitioner stated that he had "just gotten them." Officer Thompson asked petitioner if petitioner could take him to petitioner's girlfriend's house so that she could identify the property as belonging to petitioner. Petitioner told Thompson that he wasn't coming from his girlfriend's house, he was coming from a Mexican male's house by the name of "Papi." Officer Thompson asked petitioner where Papi lived. Petitioner told Thompson that he didn't know. Petitioner could not identify the name brand of any of the equipment he possessed and did not even recall that he had an air compressor. Petitioner originally told Officer Thompson that he bought the drill at a flea market. When pushed for details, petitioner then stated that he bought the drill at Wal-Mart. Officer Thompson confiscated the items. Later at the police station, Thompson located a name tag on one of the duffle bags. Thompson called Officer Cyr who utilized a law enforcement database to find an address for the owner. (Doc. 12, Ex. C, pp. 58-63). The officers went to the address and found that the garage had been broken into and that the front window of the house was open. Officer Cyr testified that the lock on the window appeared to be older and easily tampered with. Officer Cyr described the home and garage as being in "total disarray" – items were strewn all over the garage and house, and it appeared that someone had rifled through everything. (*Id.*, pp. 68-69).

     The owner of the home, Gerald Gough, identified the items found in petitioner's possession to be his (Gough's). (*Id.*, pp. 73-74). Gough testified that, although he could not remember exactly how long it had been since he had visited the

house (Gough lived in a different city but owned the house), it had been within three to seven days. When pushed for an exact range, Gough replied "maximum of 14" days. (*Id*., p. 75).

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt that petitioner entered Mr. Gough's house, and that at the time petitioner entered the house he intended to commit theft therein. The evidence was constitutionally sufficient to support petitioner's burglary conviction. Petitioner is not entitled to federal habeas relief.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Kenneth S. Tucker has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Ronnie Delain Parmer* in the Circuit Court for Escambia County, Florida, Case No. 07-3305 be DENIED.

2. That the clerk be directed to close the file.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 18th day of April, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).